IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HECTOR VARELA, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil No. 09-0327-CV-W-GAF-P<br>Crim. No. 07-0056-01-CR-W-GAF |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Presently before the Court is Movant Hector Varela's ("Varela") Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. ##1-2). Varela seeks relief from his sentence on the ground of ineffective assistance of counsel. *Id.* For the following reasons, Varela's Motion is DENIED.

**I.    Factual and Procedural Background**

The Government accurately recites the case history as follows:

On February 6, 2007, the grand jury returned an indictment charging Varela with two federal drug violations of possession with intent to distribute more than five grams of methamphetamine, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

On November 13, 2007, Varela pleaded guilty to Counts One and Two. [sic] (D.E. 25.)[1] pursuant to a plea agreement. The plea agreement signed by Varela specified the statutory penalties for his offenses which ranged from 5 to 40 years'

---

[1]Government counsel believes that at the change-of-plea hearing, as is Judge Fenner's practice, Varela was advised of the statutory sentence he faced as a result of his plea to the two counts of the indictment and that the plea agreement was summarized for the defendant orally in court, including the provision in the plea agreement stating that the parties agree that a Guidelines level of 32 applies. However, a transcript of the change-of-plea hearing is still not available because the court reporter, Libby Shinn, has retired and so far has been unable to locate the tape of transcription of that hearing.

1

imprisonment. (Plea Agrmt. ¶ 5.) Further, the plea agreement specified that his base offense level was 32. (Plea Agrmt. ¶ 13(b).) Assuming 3 levels off for acceptance of responsibility, the offense level would be 29 resulting in a sentencing range for a criminal history category I of 87 to 108 months. The plea agreement also prohibited Varela from arguing for a sentence outside the Guidelines range:

> f. The United States agrees not to seek an upward departure from the Guidelines or a sentence outside the Guidelines range, and defendant agrees to not seek a downward departure from the Guidelines or a sentence outside the Guidelines range. The agreement by the parties to not seek a departure from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable."

(Plea Agrmt. ¶ 13(f).)

Moreover, the plea agreement prohibited Varela from appealing his sentence as follows:

> a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement.
>
> b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

(Plea Agrmt. ¶ 18.)

The presentence investigation report (PSR) noted that the statutory minimum sentence was 60 months. The PSR specified that Varela sold 54.84 grams of methamphetamine (actual) which corresponded with a base offense level was [sic]

32. Applying a two-level reduction for minor participant[2], resulted in an offense level of 27 and a sentencing range of 70 to 87 months.

\* \* \*

On June 9, 2008, Varela appeared for sentencing. Due to Varela's failure to meet the requirements of substantial assistance to qualify for the filing of a motion for downward departure by the Government, he faced a sentencing range of 70 to 87 months. At the sentencing hearing, defendant's attorney, Laine Cardarella, noted that under the plea agreement, Varela was bound to ask for a sentence within the Guidelines range. (Sent. Tr. 3.) Nevertheless, Cardarella asked the court to take into account the letters from his family among other characteristics of Varela . (Sent. Tr. 3.) The court sentenced Varela to 70 months' imprisonment on Counts One and Two. (D.E. 28.)

Varela did not appeal, but on April 24, 2009, he filed a motion under § 2255, seeking to vacate his conviction and sentence.

(Doc. #9, pp. 2-4).

## II. Analysis

Varela presents six challenges to the representation his attorney provided him: (1) *Booker*[3] requires proof beyond a reasonable doubt of all sentencing factors; (2) Counsel promised him a sentence of 30 months; (3) Counsel failed to argue at sentencing that he should have received a four-level reduction for his role in the offense; (4) Counsel should have argued at sentencing for a downward departure considering Varela's history and characteristics and that Varela's act in selling the methamphetamine at issue was aberrant behavior for him; (5) Counsel failed to argue at sentencing that Varela should have received a lower sentence because he was agreeable to a "fast track" waiver of appeal as an illegal or deportable alien; and (6) Counsel should have filed a direct

---

[2]This two-level reduction was actually a "safety valve" reduction rather than a reduction for minor participant. (*See* Doc. #12, p. 2).

[3]*United States v. Booker*, 543 U.S. 220 (2005).

3

appeal and argued that the sentence constituted cruel and unusual punishment because it is Varela's first offense. (Doc. #9, pp. 4-5; *see also* Doc. ##1-2). These claims are without merit and do not warrant an evidentiary hearing.

   *A.* *Waiver of Post-Conviction Relief Rights.*

As a preliminary matter and pursuant to the plea agreement, Varela expressly waived his rights to post-conviction relief, including the right "to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." Varela does not argue this waiver was entered into unknowingly or involuntarily. His sentence did not exceed the statutory maximum of 40 years, nor does he assert that his sentence was illegal. Accordingly, Varela's attack on his sentence is covered by the waiver, and his Motion must be dismissed.

   *B.* *Varela's ineffective assistance of counsel claims are without merit.*

Even if the waiver is unenforceable as to his claims, Varela's Motion still must be dismissed because his arguments are without substantive merit. To successfully advance a claim of ineffective assistance of counsel, Varela must "show that his trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (internal quotations marks and citation omitted).

> Under the performance prong, the court must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Assuming the performance was deficient, the prejudice prong

4

requires proof that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* (internal quotation marks and citations omitted). Varela "must also overcome the presumption that his trial counsel was competent." *Smith v. Lockhart*, 921 F.2d 154, 156 (8th Cir. 1990) (citation omitted).

Contrary to Varela's assertion, the law is clear: *Booker* requires only a preponderance of the evidence to support judicial fact-finding at sentencing, provided that the Guidelines are applied in an advisory manner. *United States v. Thorpe*, 447 F.3d 565, 569 (8th Cir. 2006) (citing *Booker*, 543 U.S. at 266-67). The preponderance standard was met in this case. The plea agreement detailed two transactions wherein Varela sold a total of 166.84 grams of methamphetamine (54.84 grams of actual methamphetamine) to an undercover officer. Varela knowingly and voluntarily agreed to the contents of this statement and therefore the preponderance standard was satisfied. Accordingly, point one is DENIED.[4]

Varela next claims his guilty plea was involuntarily because his counsel allegedly promised he would receive a sentence of 30 months imprisonment. However, nothing in the record, beyond Varela's own assertions, supports that such a promise was made. In fact, Varela disclaimed reliance on any promises not present in the plea agreement both in his plea agreement and at the change-of-plea hearing. Additionally, Ms. Cardarella has stated she did not promise Varela a sentence of 30 months but may have told him she "would seek a sentence of 30 months if there were a departure motion." (Cardarella Aff., ¶5). Even if counsel advised Varela that he could possibly receive a sentence of 30 months, this statement was premised on a departure motion being filed following

---

[4]The Court notes this point is not appropriate for a § 2255 Motion because it does not attack counsel's performance and should have been raised on a direct appeal.

Case 4:07-cr-00056-GAF   Document 32   Filed 11/05/09   Page 5 of 8

cooperation with and substantial assistance to the Government, items beyond counsel's control. Furthermore, "erroneous sentencing advice does not render counsel's performance constitutionally deficient." *United States v. Landsaw*, 206 F. App'x 773, 776 (10th Cir. 2006); *see also United States v. Quiroga*, 554 F.3d 1150, 1156 (8th Cir. 2009) (collecting cases). Point two is therefore DENIED.

Pursuant to the plea agreement and as noted at sentencing, defense counsel was precluded from requesting a downward departure from the Guidelines range based on Varela's history and characteristics. If Ms. Cardarella had done so, the plea agreement would have been breached and Varela would have faced reinstatement of dismissed charges. Therefore, counsel's representation cannot be said to have fallen outside the "range of professionally competent assistance." *Nale*, 62 F.3d at 1035. Furthermore, Varela's history and characteristics had already been considered when calculating the Guidelines range. Point three is DENIED.

Nor was defense counsel ineffective in failing to argue a four-level reduction for role in the offense. The facts of the case as set out in the plea agreement and the PSR show Varela was the only individual involved in the charged offense; no conspiracy count was charged. Considering these facts, defense counsel's decision not to argue a four-level role in the offense reduction was not deficient or below an objective standard or reasonable competence. Therefore, point four is DENIED.

Varela's argument that his counsel's representation was ineffective because she did not request a reduction based on Varela's agreeability to deportation is inherently incredible. No reduction will be given absent a waiver of a colorable, non-frivolous defense to deportation. *United States v. Ramirez-Marquez*, 372 F.3d 935, 938-39 (8th Cir. 2004). As an illegal alien, Varela has

6

no defense to deportation and is subject to summary deportation. *Mosqueda-Estevez v. United States*, No. 08-0376-CV-W-FJG, 2009 WL 723378 at *4 (W.D. Mo. Mar. 17, 2009). Accordingly, counsel could not have been ineffective in failing to request such a reduction. Point five is DENIED.

Finally, Varela's counsel was not ineffective in failing to file an appeal and argue that the sentence constitutes cruel and unusual punishment. As an initial matter, Varela does not contend he requested Ms. Cardarella to file an appeal. Regardless, Varela's sentence was at the bottom of the Guidelines range and therefore is not cruel and unusual punishment. *See United States v. Boone*, 869 F.2d 1089, 1092-93 (8th Cir. 1989). Defense counsel was not ineffective in failing to appeal on this ground. The Court therefore DENIES point six.

### C. *Evidentiary Hearing and Certificate of Appealability*

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005) (citations omitted). Here, as demonstrated above, Varela's allegations would not entitle him to relief even if accepted as true or his allegations are contradicted by the record or are inherently incredible. Therefore, the request for an evidentiary hearing is DENIED.

Because he has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), or raised an issue that is debatable among jurists of reason or deserving of further proceedings, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Court DENIES Varela a certificate of appealability.

7

## III. Conclusion

The record demonstrates Varela's claims of ineffective assistance of counsel are without merit. Further, the futility of his arguments under the law do not warrant a hearing on the matter. Varela's requests for relief from his sentence and for an evidentiary hearing are therefore DENIED. Additionally, due to Varela's failure to make a substantial showing of the denial of a constitutional right or raise an issue debatable among jurists, he is DENIED a certificate of appealability.

**IT IS SO ORDERED.**

                 s/ Gary A. Fenner
                 Gary A. Fenner, Judge
                 United States District Court

DATED: November 5, 2009